UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SHANICE WILLIAMS** | : | **CASE NO.  2:24-cv-01442** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **SOUTHWEST LOUISIANA CHARTER ACADEMY FOUNDATION INC ET AL** | : | **MAGISTRATE JUDGE LEBLANC** |

<u>**REPORT AND RECOMMENDATION**</u>

Before the Court is a Motion for Remand and Attorney Fees filed by plaintiff Shanice Williams. Doc. 4.  While defendant Southwest Louisiana Charter Academy Foundation Inc. ("Southwest") does not oppose the Motion to Remand, it does oppose the Motion for Attorney Fees. Doc. 7, p. 1.  Defendants Charter Schools USA ("CSUSA") and Dr. Pamela Quebodeaux also do not oppose the Motion to Remand. Doc. 8.  The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

For the reasons stated herein, **IT IS RECOMMENDED** that plaintiff's Motion to Remand and for Attorney Fees be **GRANTED**.

**I.**
**BACKGROUND**

Plaintiff Shanice Williams filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, on March 30, 2023, naming Southwest as defendant. Doc. 1, att. 2, ¶ 2.  Plaintiff subsequently amended her petition to add defendants CSUSA and Dr. Quebodeaux. *Id.* at att. 6.  Plaintiff alleges she sustained damages as the result of her unlawful termination and Defendants' violation of her protected rights under "the Louisiana Constitution and pursuant to 42 U.S.C. section 1983 for violations of her First Amendment rights." *Id.* at att. 2, ¶ 47.

Southwest removed the action to this Court on October 18, 2024, invoking this Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331. Doc. 1, ¶ 2. In the Notice of Removal, Southwest claims that removal is timely because it was filed within thirty days of receipt of an "other paper" that first made it clear to Southwest that Plaintiff was asserting a federal cause of action. *Id.* at 3. Specifically, Southwest argues neither Plaintiff's original nor her amended petition clearly asserts a federal cause of action and the only reference to the United States Constitution was in relation to Plaintiff's Louisiana State law claims. *Id.* at ¶ 6. Southwest argues that their first notice of Plaintiff's federal claims was one September 18, 2024, when Plaintiff filed an opposition to CSUSA and Dr. Quebodeaux's Exception of No Cause of Action wherein Plaintiff argues that she stated a cause of action under 42 U.S.C. § 1983. *Id.* at ¶ 14. The Notice of Removal also states that CSUSA and Dr. Quebodeaux consent to the removal but does not include a written confirmation from the other defendants. *Id.* at ¶ 16.

On November 5, 2024, Plaintiff timely filed the instant Motion to Remand, arguing that removal was improper because it was untimely and defendants CSUSA and Dr. Quebodeaux did not join in or consent to removal. Doc. 4, att. 1, p. 1. Plaintiff argues that her federal claims were clearly and unambiguously stated in both her original petition that was filed on March 30, 2023 and her amended complaint that was filed in January 31, 2024. *Id.* at pp.2-3. She also argues that CSUSA and Dr. Quebodeaux's exception of no cause of action, filed on May 20, 2024, clearly stated that Plaintiff's petition alleged federal claims against Southwest, CSUSA, and Dr. Quebodeaux. *Id.* at p. 4. Accordingly, Plaintiff argues that Southwest's removal on October 18, 2024 was untimely as it was filed more than eighteen months after notice of the original petition, more than eight months after notice of the amended petition, and more than four months after notice of CSUSA and Dr. Quebodeax's exception of no cause of action. *Id.* at p. 5. Plaintiff also argues that removal was

improper as CSUSA and Dr. Quebodeaux neither joined in the removal nor provided written consent. *Id.* at p. 6.

In response to the Motion to Remand [doc. 4], Southwest stated that it does not oppose remand, but that it does oppose the Motion for Attorney Fees. Doc. 7, p. 1. Specifically, they ask the Court not to award attorney fees because the Notice of Removal [doc. 1] was filed in good faith and with a reasonable basis. *Id.* at p. 2. CSUSA and Dr. Quebodeaux also do not oppose the Motion to Remand [doc. 4], but they do, however, urge that the Notice of Removal [doc. 1] was filed in good faith and with the consent of CSUSA. Doc. 8.

## II.

### LAW AND ANALYSIS

#### A. Motion to Remand

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton,* 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 114 S. Ct. 1673, 1675 (1994)). Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant [ . . . ]." 28 U.S.C. § 1441(a). The federal district court, however, must remand the action to state court if it finds that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing defendant bears the burden of showing that removal was procedurally proper, and that federal jurisdiction exists. *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute must be strictly construed, and "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

Removal is perfected by filing a notice of removal in the district court for the district and division within which such action is pending, which notice shall contain a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). Generally, a defendant must file a notice of removal within thirty days from the time the defendant receives an "initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1).

When "the case stated by the initial pleading" does not provide grounds for removal, a defendant may remove the action within thirty days from receipt "of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "Matters outside the formal pleadings, including a deposition transcript, may constitute 'other paper' and trigger the removal clock." *Farish v. Walmart Stores, Inc.*, No. 19-cv-1375, 2019 WL 12313450, at *2 (W.D. La. Dec. 23, 2019), *report and recommendation adopted*, 2020 WL 9720232 (W.D. La. Jan. 10, 2020) (citing *SWS Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996); *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759 (5th Cir. 2000)). The other paper must be "'unequivocally clear and certain' to start the time limit running for a notice of removal." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).

Further, when, as here, "a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This has been dubbed the "unanimity of consent rule." *Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011). This rule also "requires that all served defendants join in the removal petition prior to the expiration of the removal period." *Id.* (citing *Gillis v. Louisiana,* 294 F.3d 755, 759 (5th Cir. 2002)). When consenting to removal, there must be some "written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Getty Oil*

*Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262, n. 11 (5th Cir. 1988). A violation of this rule renders a removal procedurally defective, requiring remand. *Id.* at 1262.

Here, the parties agree this action should be remanded to state court. Docs. 4; 7, p. 1; & 8, p.1. Although this court has original jurisdiction under 28 U.S.C. § 1331, Southwest failed to remove the case within thirty days of service of the state court petition, the amended petition, or CSUSA and Dr. Quebodeaux's exception of no cause of action which each gave Southwest notice of Plaintiff's federal claims.[1] Southwest also failed to obtain timely written consent of the other properly served and joined defendants, creating a procedural defect that requires remand. Although CSUSA and Dr. Quebodeaux provide written consent to the removal in their response to the instant motion [doc. 8], this consent was provided after the expiration of the removal period.[2] Nonetheless, as the Defendants do not oppose the Motion to Remand, it is recommended that this action be remanded to state court. Accordingly, the only remaining question is whether Plaintiff is entitled to attorney fees incurred from filing the instant motion.

### B. *Motion for Attorney Fees*

The Motion to Remand is accompanied by a request for reimbursement of fees incurred in preparing the instant motion. Doc. 4, att. 1, p. 9. Under 28 U.S.C. § 1447, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision to grant or deny attorney fees is within the discretion of the court and an award of such fees and costs is not automatic under 28 U.S.C. § 1447(c). *Valdes v. Wal-*

---

[1] Both the original and amended petition clearly state that the relief requested includes "damages pursuant to La. Civil Code art. 2315 for violation of rights protected by the Louisiana Constitution and pursuant to 42 U.S.C. section 1983 for violation of her First Amendment rights." Doc. 1, att. 2, ¶ 47; att. 6, ¶ 63. The petitions also allege that "Plaintiff, through retained counsel, notified [Southwest] that its request for her resignation was retaliatory, explaining that her objection . . . constituted activities protected by . . . the First Amendment to the United States Constitution." *Id.* at att. 2, ¶ 25; att. 6, ¶ 26. CSUSA and Dr. Quebodeaux's exception of no cause of action also states, "[i]n her next cause of action, Plaintiff asserts a free speech retaliation claim." *Id.* at att. 7, p. 8.

[2] This would be true regardless of which pleading is used as the marker that started the removal period.

*Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir.2000). The Fifth Circuit has stated that attorney fees "should only be awarded if the removing defendant lacked 'objectively reasonable grounds to believe the removal was legally proper.'" *Hornbuckle v State Farm Lloyds*, 385 F.3d 538 (5th Cir. 2004) (citing *Valdes*, 199 F.3d at 293).

Considering Plaintiff's original petition, amended petition, and CSUSA and Dr. Quebodeaux's exception of no cause of action which allege and make arguments concerning federal causes of action, the Court agrees with Plaintiff that Southwest had notice of the federal causes of action at least four months before the Notice of Removal was filed, making it untimely. The Court also notes Southwest themselves admitted that Plaintiff's counsel reached out before filing the instant motion asking Southwest to withdraw the Notice of Removal because it was improper. Doc. 7, p. 1. Southwest, however, declined to withdraw the Notice of Removal but subsequently opted not to oppose Plaintiff's Motion to Remand. *Id.* In so doing, Southwest needlessly forced Plaintiff to file the instant motion and incur the expenses associated with filing it. Additionally, Southwest contends, after stating it does not oppose remand, that the Notice of Removal was timely filed. Doc. 7, p. 2. If Southwest truly believed there was a reasonable basis for removal and that the Notice of Removal was timely filed, it should be opposing the instant Motion to Remand. Accordingly, it seems there was no "objectively reasonable grounds to believe the removal was legally proper." The Court recommends that an award of fees, costs, and expenses is appropriate in these circumstances.

### IV.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Remand [Doc. 4] be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that defendant Southwest Louisiana Charter Academy Foundation Inc. be ordered to pay Plaintiff the "just costs and any actual expenses,

including attorney fees, incurred as a result of the removal." Accordingly, if this recommendation is adopted, it is **FURTHER RECOMMENDED** that, within 10 days after the date of the order adopting this recommendation, Plaintiff shall file into the record a statement of fees and costs incurred in filing this motion, which shall be supported by an affidavit setting forth the hours expended for the activities described in the statement, who performed the services, and the hourly rate applied to those hours. Defendants may submit a response to these documents within 7 days after they are filed into the record.

Under the provisions of 28 U.S.C. §636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429-30 (5th Cir.1996).

**THUS DONE AND SIGNED** in chambers this 29th day of September, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**